UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR17-229JLR |
|---|---|
| Plaintiff, | |
| | **PROTECTIVE ORDER** |
| v. | |
| FRANCISCO RUELAS-PAYAN, et al., | |
| Defendants. | |

This matter, having come to the Court's attention on the parties' joint motion for entry of a discovery protective order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. **Protected Material.** For purposes of this Order, "Protected Materials" shall include (1) Grand Jury testimony; (2) financial information and other personal identifying information ("PII")[1] obtained during the investigation, either via Grand Jury subpoena and/or during the execution of search warrants; (3) other personal information

---

[1] "PII" includes, but is not necessarily limited to, the information identified in Fed. R. Crim. P. 49.1(a) and includes full names, dates of birth, Social Security numbers (or other identification information), financial account information (including account numbers), tax information, driver's license numbers, addresses, telephone numbers, locations of residences or employment, medical records, school records, juvenile criminal records, and other confidential information. The government has endeavored to redact PII as appropriate, but the parties acknowledge and agree that this will not always be possible, and that in some instances un-redacted PII may be necessary to the defense.

PROTECTIVE ORDER - 1
*U.S. v. Ruelas-Payan, et al.,* CR17-229JLR

about defendants and third parties, including but not limited to photographs (including sexually suggestive photographs of family members, defendants and/or witnesses) and other sensitive information obtained from the search of social media, cellular telephones and other digital devices seized during the investigation (collectively, the "Protected Material"). All cellular telephone downloads, financial records, and summaries of financial records provided during discovery will be considered Protected Material without further designation by the Government. Other information believed by the Government to be Protected Material will be so designated by the Government.

2. **Production of Protected Material to the Defense.** The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as "members of the defense teams"). Further, the attorneys of record are required, prior to disseminating any copies of the Protected or Sensitive Materials to members of the defense teams, to provide a copy of this Protective Order to members of the defense teams, and obtain written consent by members of the defense teams of their acknowledgment to be bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

3. **Review of Protected Material by Defendants.** The attorneys of record and members of each Defendant's defense team may share and review the Protected Material with their respective Defendant. Defendants who are residing at the Federal Detention Center (FDC) will be permitted to review the Protected Material, consistent with the regulations established by the BOP, with their respective counsel in a controlled environment at the Federal Detention Center (FDC), but will be prohibited from printing out, copying, or disseminating the discovery. Defendants who are on pretrial release will

PROTECTIVE ORDER - 2
*U.S. v. Ruelas-Payan, et al.,* CR17-229JLR

1  be permitted to review the Protected Material at the offices of their counsel, but will be
2  prohibited from printing out, copying, or disseminating the discovery.

3      4.    **Limits on Dissemination of Protected Materials.**  The attorneys of record
4  and members of the defense team acknowledge that providing copies of the Protected
5  Material to the Defendants and other persons is prohibited, and agree not to duplicate or
6  provide copies of the Protected Material to the Defendants and other persons.  This order
7  does not limit employees of the United States Attorney's Office for the Western District
8  of Washington from disclosing the Protected Material to members of the United States
9  Attorney's Office, federal law enforcement agencies, and to the Court and defense as
10  necessary to comply with the government's discovery obligations.

11     5.    **Future Production of Additional Protected Materials.**  Additional types
12  of discovery items may be deemed by the parties to constitute Protected Material upon
13  agreement, or (if no agreement can be reached) by further order of the Court.

14     6.    **No Waiver.**  Nothing in this order should be construed as imposing any
15  substantive discovery obligations on the government that are different from those
16  imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.  The
17  failure to designate any materials as provided in paragraph 2 shall not constitute a waiver
18  of a party's assertion that the materials are covered by this Protective Order.

19     7.    **Use of Protected Material in Court.**  Any Protected or Sensitive Material
20  that is filed with the Court in connection with pre-trial motions, trial, or other matter
21  before this Court, shall be filed under seal and shall remain sealed until otherwise ordered
22  by this Court.  This does not entitle either party to seal their filings as a matter of course.
23  The parties are required to comply in all respects to the relevant local and federal rules of
24  criminal procedure pertaining to the sealing of court documents.

25     8.    **Non-Termination.**  The provisions of this Order shall not terminate at the
26  conclusion of this prosecution.  Furthermore, at the close of this case, defense counsel
27  shall return the Protected Material, including all copies of the Protected Material, to the

28

PROTECTIVE ORDER - 3
*U.S. v. Ruelas-Payan, et al.,* CR17-229JLR

1 | office of the United States Attorney, or otherwise certify that the material has been
2 | destroyed.

3 |     9. **Violation of Order.** Any person who willfully violates this order may be
4 | held in contempt of court and may be subject to monetary or other sanctions as deemed
5 | appropriate by this Court.

6 |     10. **Modification of Order.** Nothing in this Stipulation shall prevent any party
7 | from seeking modification of this Protective Order or from objecting to discovery that it
8 | believes to be otherwise improper. The parties agree that in the event that compliance
9 | with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment
10 | obligations, or otherwise imposes an unworkable burden on counsel, defense counsel
11 | shall bring any concerns about the terms of the Order to the attention of the government.
12 | The parties shall then meet and confer with the intention of finding a mutually acceptable
13 | solution. In the event that the parties cannot reach such a solution, defense counsel shall
14 | have the right to bring any concerns about the scope or terms of the Order to the attention
15 | of the Court by way of a motion.

16 |     11. **No Ruling on Discoverability or Admissibility.** This Protective Order
17 | does not constitute a ruling on the question of whether any particular material is properly
18 | discoverable or admissible and does not constitute any ruling on any potential objection
19 | to the discoverability of any material.

20 |     12. **Addition of Defendants after Entry of Order.** This Protective Order will
21 | cover additional Defendants in this case so long as they agree to be bound by the terms of
22 | this Protective Order and so indicate that consent by the execution of a supplemental
23 | stipulation, which shall be filed as an addendum or supplement to this Protective Order.
24 | / / /
25 | / / /
26 | / / /
27 |
28 |

PROTECTIVE ORDER - 4
*U.S. v. Ruelas-Payan, et al.,* CR17-229JLR

1        The Clerk of the Court is directed to provide a filed copy of this Protective Order

2  to all counsel of record.

3        DATED this 21ST day of _November_, 2017.

4

5

6             THE HONORABLE JAMES L. ROBART

7             UNITED STATES DISTRICT COURT JUDGE

8  Presented by:

9  s/ _Vincent T. Lombardi_

10  VINCENT T. LOMBARDI

11  Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER - 5
_U.S. v. Ruelas-Payan, et al._, CR17-229JLR