1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   UNITED STATES OF AMERICA,          CASE NO. CR17-0229JLR

11                      Plaintiff,       ORDER DENYING
                                         DEFENDANT'S MOTION FOR
12         v.                            COMPASSIONATE RELEASE

13   FRANCISCO RUELAS-PAYAN,

14                      Defendant.

15                          **I.   INTRODUCTION**

16        Before the court is Defendant Francisco Ruelas-Payan's motion to reduce his

17   sentence pursuant to 18 U.S.C. § 3582(c)(1).  (Mot. (Dkt. # 450); Reply (Dkt. # 475).)

18   Plaintiff the United States of America ("the Government") opposes Mr. Ruelas-Payan's

19   motion.  (Resp. (Dkt. # 470).)  The court has considered Mr. Ruelas-Payan's motion, the

20   parties' submissions in support of and in opposition to the motion, the relevant portions

21   of the record, and the applicable law.  Being fully advised, the court DENIES Mr.

22   Ruelas-Payan's motion.

ORDER - 1

## II.   BACKGROUND

Mr. Ruelas-Payan is a 31-year-old inmate who is currently detained at McRae Correctional Institute ("CI").  (*See* Resp. at 2-3.)  He is in prison for his leading role in two interrelated drug conspiracies tied to the Beltran-Leyva drug cartel.  (*See generally* 2d Superseding Indictment (Dkt. # 167); Plea Agreement (Dkt. # 281); Presentence Investigation Report (Dkt. # 321) (sealed).)  Mr. Ruelas-Payan and his co-conspirators received and distributed large amounts of heroin and methamphetamine and laundered the proceeds of that activity back to Mexico, and he caused other members of the conspiracy to do the same.  (*See generally* 2d Superseding Indictment; Plea Agreement; Presentence Investigation Report.)  He pleaded guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); and being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A).  (*See generally* Plea Agreement at 1-2.)  On June 25, 2018, the court sentenced Mr. Ruelas-Payan to 180 months of imprisonment and five years of supervised release.  (*See* 6/25/18 Minute Entry (Dkt. # 348); Judgment (Dkt. # 349).)  He was remanded into custody following his sentencing hearing, and his projected release date is July 9, 2030. (*See* Judgment at 2; Comp. Release Memo. (Dkt. # 458) (sealed) at 1.)

//

//

//

//

ORDER - 2

# III.    ANALYSIS

Mr. Ruelas-Payan now seeks compassionate release, asking the court to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]  (*See generally* Mot.) The court begins by setting forth the standard of review before turning to its analysis of Mr. Ruelas-Payan's motion.

## A.    Standard for Compassionate Release

A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35. *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United States*, 506 U.S. 817, 824-25 (2010).  One such statute is 18 U.S.C. § 3582(c)(1), which governs motions for compassionate release.  *See United States v. Fuller*, No. CR17-0324JLR, 2020 WL 1847751, at * 2 (W.D. Wash. Apr. 13, 2020).  18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides the court with authority

---

[1] Mr. Ruelas-Payan alleges that he is "also requesting compassionate release under [t]he [sic] section 12003(b)(2)" of the Cares Act, which provides that "the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." (*See* Mot. at 2); Cares Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281 (2020) (adding a note to 18 U.S.C. § 3621 regarding home confinement under § 3624(c)).  While courts have the authority to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), congress has assigned the authority to decide the place of imprisonment to the BOP under 18 U.S.C. § 3624(c)(2).  *See* 18 U.S.C. § 3582(c)(1)(A) (authorizing court's to "reduce the term of imprisonment"); *id.* § 3621 (barring judicial review of the BOP's designation decision); *id.* § 3624 (giving the BOP discretion to allow an inmate to serve a portion of his sentence in home confinement or a community correctional facility). Accordingly, the court cannot grant Mr. Ruelas-Payan relief under § 12003(b)(2) of the Cares Act or 18 U.S.C. § 3624(c).  *See Terletsky v. United States*, No. C20-0794RSM, 2020 WL 6132236, at *4 (W.D. Wash. Oct. 19, 2020) ("Where a defendant seeks home confinement pursuant to the CARES Act, as Petitioner does, courts have consistently found that the CARES Act does not provide courts with jurisdiction to order home detention.").

1   to reduce a sentence upon the motion of an inmate if three conditions are met:  (1) the

2   inmate has either exhausted their administrative appeal rights of the Bureau of Prisons'

3   ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days

4   after the applicable warden has received such a request; (2) the inmate has established

5   "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the

6   reduction is consistent with "applicable policy statements" issued by the United States

7   Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley v. United*

8   *States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020).  It also

9   instructs the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a)

10  when deciding whether compassionate release is appropriate.  18 U.S.C. § 3582(c)(1)(A).

11       The Sentencing Commission's policy statement referenced in 18 U.S.C.

12  § 3582(c)(1)(A)(i) provides, in relevant part, that a defendant may be eligible for

13  compassionate release if "extraordinary and compelling reasons warrant the reduction";

14  the "defendant is not a danger to the safety of any other person or to the community"; and

15  the "reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13; *id.* cmt. n.1

16  (outlining four categories of circumstances that may constitute "extraordinary and

17  compelling reasons" for a sentence reduction).

18       The Ninth Circuit, however, has held that United States Sentencing Guidelines

19  ("U.S.S.G.") § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C.

20  § 3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d 797,

21  802 (9th Cir. 2021).  Therefore, the "Sentencing Commission's statements in U.S.S.G.

22  § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a

1    defendant, but they are not binding." *Id.*; *see also United States v. Van Cleave*, No.

2    CR03-0247RSL, 2020 WL 2800769, at *5 (W.D. Wash. May 29, 2020) (referring to the

3    policy statement as "persuasive, but not binding").

4    **B.    Exhaustion of Administrative Remedies**

5           Before considering the merits of Mr. Ruelas-Payan's motion, the court must

6    determine whether he has met the statutory exhaustion requirement for compassionate

7    release. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Ruelas-Payan made a request for

8    compassionate release to the warden at McRae CI on July 27, 2021, which was denied on

9    July 28, 2021. (*See* Ex. C to Resp. (Dkt. # 470-1).) Mr. Ruelas-Payan then filed this

10   motion in September 2021—more than 30 days after he submitted his request to the

11   warden. (*See generally* Mot.) The court finds the statutorily required 30-day period has

12   expired, and Mr. Ruelas-Payan's motion is properly before the court.[2]

13   **C.    Extraordinary and Compelling Circumstances**

14          The court must next determine whether "extraordinary and compelling"

15   circumstances warrant a reduction of Mr. Ruelas-Payan's term of imprisonment. *See* 18

16   U.S.C. § 3582(c)(1)(A)(i). Mr. Ruelas-Payan bears the burden of establishing that

17   "extraordinary and compelling reasons" exist that justify compassionate release. *See*

18   *United States v. Suryan*, No. CR19-0082RAJ, 2021 WL 3510423, at *2 (W.D. Wash.

19   Aug. 10, 2021). Mr. Ruelas-Payan argues that he is entitled to compassionate release (1)

20   because of the impact COVID-19 has had on his conditions of confinement; and (2)

21

22          [2] The Government does not dispute that Mr. Ruelas-Payan complied with
     § 3582(c)(1)(A)'s exhaustion requirement. (*See* Resp. at 4 n.1; Ex. C to Resp.)

1  because his medical conditions place him at greater risk of developing serious

2  complications from COVID-19.  (*See* Mot. at 2, 6; Reply at 4-5.)  The court addresses

3  each of these rationales in turn.

4         1.  General Conditions at McRae CI

5         Mr. Ruelas-Payan argues that COVID-19's impact on his conditions of

6  confinement warrants early release.  (*See* Mot. at 6; Reply at 5.)  The court need not

7  reiterate the widely known information regarding the symptoms of COVID-19, the

8  devastating global impact of the virus, and the unprecedented challenges COVD-19

9  created for federal prisons.  *See United States v. Rollness*, No. CR06-0041RSL, 2021 WL

10  4476920, at *4 (W.D. Wash. Sept. 30, 2021) (discussing COVID-19's impact on

11  prisons).  Moreover, the court does not discount the dangers associated with COVID-19

12  nor the difficulties prisons face in preventing and containing outbreaks.

13         However, Mr. Ruelas-Payan's argument that the general conditions at McRae CI

14  warrant release, including the low COVID-19 vaccination rate among BOP staff and

15  inmates, the impossibility of maintaining social distancing, and the use of shared

16  amenities and facilities, is unavailing.  (*See* Mot. at 6); *see also United States v. Waxman*,

17  No. CR18-0175RSL, 2021 WL 4148180, at *6 (W.D. Wash. Sept. 13, 2021) (rejecting

18  similar arguments); *United States v. Powers*, No. CR15-0166TSZ, 2020 WL 3605748, at

19  *2 (W.D. Wash. July 2, 2020) (declining to find extraordinary and compelling

20  circumstances based on "external factors inherent in confinement or the facility or arising

21  from BOP's procedures").  "Extraordinary and compelling" circumstances are not

22  established by "the mere elevated risk of contracting a pandemic virus in prison, even if

1    such a higher risk exists."  *Riley*, 2020 WL 1819838, at *7; *see United States v. Bolden*,

2    No. CR16-0320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020) ("[G]eneral

3    conditions that affect inmates indiscriminately throughout the prison are insufficient to

4    support an individual defendant's claim for compassionate release."); *United States v.*

5    *Butov*, No. CR16-0226RSM, 2020 WL 5910063, at *5 (W.D. Wash. Oct. 6, 2020)

6    (stating that courts have "consistently rejected . . . generalized arguments as a basis for

7    compassionate release," such as challenges to BOP medical staffing, relaxed precautions,

8    and lack of adequate testing).  Therefore, the court finds that the general conditions at

9    McRae CI do not constitute "extraordinary and compelling" circumstances warranting

10   Mr. Ruelas-Payan's release.

11         2.  Risk of Developing Severe Complications From COVID-19

12         Mr. Ruelas-Payan argues that his underlying medical conditions—specifically

13   type two diabetes and hyperlipidemia[3]—make him more susceptible to suffering severe

14   complications from COVID-19 and amount to "extraordinary and compelling reasons"

15   warranting his release.  (*See* Mot. at 5-7; Reply at 4-5.)

16         The Government does not dispute that Mr. Ruelas-Payan's BOP medical records

17   confirm that he suffers from the above-mentioned medical conditions.  (*See* Resp. at 3.)

18   It argues, however, that Mr. Ruelas-Payan's medical conditions do not warrant

19

20         [3] In discussing the medical conditions that place him at risk of suffering severe
     complications from COVID-19, Mr. Ruelas-Payan notes that he has been "screened for
21   tuberculosis."  (Mot. at 2.)  His medical records, however, do not indicate that he has been
     diagnosed with tuberculosis.  (*See* Comp. Release Memo. at 1; *see also* Ex. B to Resp. (Dkt.
22   # 472) (sealed) ("Medical Records").)  Accordingly, the court does not treat this as a "medical
     condition" that Mr. Ruelas-Payan currently suffers from.

1    compassionate release given that his medical conditions are "relatively mild and are

2    manageable in prison." (*See id.* at 3, 5, 7 (noting that he is on medication to control his

3    conditions (citing Medical Records at 4-5, 30, 33)).)  The Government asserts that Mr.

4    Ruelas-Payan's medical records show that he is substantially protected against

5    developing severe complications resulting in hospitalization or death should he become

6    infected with the virus because he has received two doses of the Moderna COVID-19

7    vaccine. (*See id.* at 3, 5-7 (citing Medical Records at 9).)

8         A review of Mr. Ruelas-Payan's medical records confirms that he suffers from

9    type two diabetes and hyperlipidemia. (*See* Medical Records at 2, 21-25, 30, 33 (noting

10   that Mr. Ruelas-Payan's diabetes and hyperlipidemia are under "good control" and were

11   "improved" as of his most recent evaluation).)  The CDC has identified diabetes as a

12   condition that may make a person more likely to get severely ill from COVID-19. *See*

13   *Rollness*, 2021 WL 4476920, at *5 (citing *People with Certain Medical Conditions*, CDC

14   (Oct. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

15   precautions/people-with-medical-conditions.html).  The CDC has not, however,

16   identified hyperlipidemia as a condition that may make a person more likely to suffer

17   severe complications from COVID-19. *See generally People with Certain Medical*

18   *Conditions*, *supra*.  Accordingly, the court finds that Mr. Ruelas-Payan suffers from one

19   condition—diabetes—that places him at greater risk for COVID-19 complications.

20        That risk, however, is significantly lessened by that fact that Mr. Ruelas-Payan has

21   been fully vaccinated against COVID-19. *See, e.g.*, *United States v. Adams*, No.

22   CR14-0181JCC, 2021 WL 2073389, at *1 (W.D. Wash. May 24, 2021) (noting that

1  "[m]any courts have concluded that, [in light of being fully vaccinated], health conditions

2  no longer represent an extraordinary and compelling reason warranting a reduction in

3  sentence").  Mr. Ruelas-Payan's medical records indicate that he received two doses of

4  the Moderna COVID-19 vaccine.  (*See* Medical Records at 9.)  "[I]nfections from the

5  Delta variant of COVID-19 remain rare among individuals who are fully vaccinated" and

6  "all vaccines are effective against severe illness, hospitalization, and death."  *United*

7  *States v. Meza-Orozco*, No. CR14-5246BHS, 2021 WL 3630519, at *4 (citing *What You*

8  *Need to Know about Variants*, CDC (Dec. 1, 2021), https://www.cdc.gov/coronavirus/

9  2019-ncov/variants/about-variants.html); *United States v. Stringer*, No. CR18-0157RAJ,

10  2021 WL 3565430, at *3 (W.D. Wash. Aug. 12, 2021) (stating that the vaccine

11  "substantially reduces the likelihood of Mr. Stringer contracting the virus" and protects

12  against the risk of "developing severe complications . . . should he become infected,"

13  even in light of his diabetes and hypertension); *United States v. Posey*, No.

14  CR18-0280RSL, 2021 WL 4745523, at *5-6 (W.D. Wash. Oct. 12, 2021) ("Most courts

15  have found that the Delta variant 'does not pose an extraordinary and compelling risk to

16  vaccinated individuals.'").

17         While no vaccine is 100% effective, studies from the Centers for Disease Control

18  and Prevention indicate that Mr. Ruelas-Payan's risk of infection is low given his

19  vaccination and, furthermore, that vaccination reduces his risk of severe illness if

20  infected.[4]  (*See* Medical Records at 9); *see also Posey*, 2021 WL 4745523, at *5-6 (citing

21

22         [4] *See, e.g.*, *Bolden*, 2021 WL 3269636, at *5 n.1 (first citing *COVID-19 Vaccines Work*,
CDC (Aug. 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/

ORDER - 9

1    *Benefits of Getting Vaccinated*, CDC (Aug. 16, 2021), https://www.cdc.gov/

2    coronavirus/2019-ncov/vaccines/vaccine-benefits.html); *Meza-Orozco*, 2021 WL

3    3630519, at *3 (noting that it appears "established that fully vaccinated individuals are

4    reasonably protected from hospitalization and death").  While Mr. Ruelas-Payan's

5    concerns about infection "are certainly understandable, '[g]eneral concerns about

6    possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling

7    reasons for a reduction in sentence.'"  *See Stringer*, 2021 WL 3565430, at *3 (quoting

8    *United States v. Eberhart*, 448 F. Supp. 3d 1086 (N.D. Cal. 2020)).  At this time, because

9    Mr. Ruelas-Payan is fully vaccinated and his diabetes appears to be well-managed (*see*

10   Medical Records at 9, 21-25, 33), the court finds that his risk of developing severe

11   complications from infection due to his medical conditions does not amount to an

12   "extraordinary and compelling" reason to warrant compassionate release.[5]

13          The court further finds that, even when Mr. Ruelas-Payan's arguments are

14   considered together, he has not established "extraordinary and compelling" reasons

15   //

16   _____

17   effectiveness/work.html; and then citing *The Possibility of COVID-19 after Vaccination:
     Breakthrough Infections*, CDC (Sept. 7, 2021), https://www.cdc.gov/coronavirus/2019-
     ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html); *United States*

18   *v. Meyer*, No. 1:14-CR-00148-01-MC, 2021 WL 1895240, at *2 (D. Or. May 11, 2021) ("The
     [Moderna] vaccine appeared to have high effectiveness in clinical trials (efficacy) among people

19   of diverse age, sex, race, and ethnicity categories and *among persons with underlying medical
     conditions*." (emphasis in original) (citing *Moderna*, CDC (April 5, 2021),

20   https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html)).

21          [5] The court's conclusion is additionally supported by the fact that McRae CI, where Mr.
     Ruelas-Payan is housed, has zero active COVID-19 cases.  (*See* Resp. at 2 (citing *COVID-19*

22   *Update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 7,
     2021)).)

ORDER - 10

justifying compassionate release.[6]  Accordingly, the court DENIES Mr. Ruelas-Payan's

motion for compassionate release.

### IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Ruelas-Payan's motion to

reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. # 450).

Dated this 9th day of December, 2021.

JAMES L. ROBART
United States District Judge

---

[6] Having determined that Mr. Ruelas-Payan has not made the requisite showing of extraordinary and compelling reasons warranting compassionate release, the court need not analyze whether a reduction in Mr. Ruelas-Payan's sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

ORDER - 11